**Raymond Lee PRUITT, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–87–177–CR.**

Court of Appeals of Texas, Fort Worth.

Sept. 30, 1987.

Merkle & Cannedy and Greg Merkle, Wichita Falls, for appellant.

Rick Mahler, Wichita Falls, for state.

Before FARRIS, KELTNER and LATTIMORE, JJ.

## OPINION ON MOTION TO ABATE

KELTNER, Justice.

This appeal is from Raymond Lee Pruitt's conviction by a jury for aggravated robbery. Although the case is not presently set for submission, it is before us on a motion to abate filed by Pruitt's trial counsel.

Pruitt did not appear at the punishment hearing, although his attorney admits that he was notified of the hearing. In his absence, the court assessed punishment at thirty years in the Texas Department of Corrections. The court relied on a pre-sentencing report which demonstrated a long history of criminal behavior.

Pruitt also did not appear for sentencing on July 10, 1987, but was sentenced in his absence. He was arrested several days later and sent to the Texas Department of Corrections, without being re-sentenced. Although we sympathize with the plight of the judge in this situation, our Code of Criminal Procedure requires that, "sentence shall be pronounced in the de-

fendant's presence." TEX.CODE CRIM. PROC.ANN. art. 42.03(1) (Vernon Supp. 1987); *see also Holly v. State,* 494 S.W.2d 178, 179 (Tex.Crim.App.1973) (opinion on reh'g). The sentencing date begins the running of appellate time requirements such as filing the record and briefs.

Because we remand the case to the trial court for proper sentencing, we do not address the issue of whether the record contains a finding by the trial court that the defendant voluntarily absented himself from the punishment stage of the trial.

Since Pruitt was not present at the time of sentencing in the instant case, where the conviction was for a felony offense, the cause is remanded to the trial court for proper sentencing. At the same time, of course, the trial court shall determine whether Pruitt wishes to prosecute an appeal, whether he is indigent and needs or wants an appointed appellate attorney and if so, who that person shall be. As previously noted, all appellate time periods shall begin running at the time of sentencing and all prior time restrictions are of no import or effect.