COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-406-CR

 

 

EDWIN WOO JIN KIM                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                          I.  Introduction

In two issues, Appellant Edwin Woo Jin Kim
appeals his conviction for burglary of a habitation.  We affirm.

                              II.  Factual and Procedural History








This is the oft-told tale of buyer=s
remorse.  On February 4, 2005, Kim
pleaded guilty to the offense of burglary of a habitation.  The trial court deferred adjudicating Kim=s guilt
and placed him on deferred adjudication community supervision for six years.  On March 17, 2006, the State filed its first
motion to proceed to adjudication, alleging that Kim had failed to submit a
urine sample as ordered for drug testing, report to his probation officer, and
pay court costs and probation fees.  A
month later, the trial court modified Kim=s
community supervision and ordered him to participate in a substance abuse
felony program.

On August 23, 2007, the State filed a second
petition to adjudicate Kim=s guilt,
alleging that Kim had failed six drug tests, had failed to pay court costs and
probation fees, and had failed to attend Alcoholics Anonymous meetings and
counseling sessions.  Again, the trial
court modified Kim=s community supervision and gave
Kim another opportunity to avoid adjudication and possible incarceration.








Nevertheless, on August 8, 2008, the State filed
a third petition to adjudicate Kim=s guilt,
alleging that Kim again had failed to submit to urine testing for controlled
substances, report to his probation officer, and pay court costs, probation
fees, and lab fees.  The State offered a
three-year sentence in exchange for a plea of true.  Kim rejected the State=s offer
and, instead, entered an open plea to the trial court.[1]  Kim answered true to all of the State=s
allegations, and he asked the court to allow him to remain on community
supervision and to attend Cenikor for drug rehab.  The trial judge adjudicated Kim guilty of the
burglary offense and sentenced Kim to seven years=
confinement.[2]  Kim made no objections to the sentence and
did not file a motion for new trial. 
This appeal followed.

   III.  Disproportionate Punishment and Abuse of
Discretion Issues Forfeited

In two issues, Kim asserts that the trial court
abused its discretion by setting punishment at seven years=
confinement, more than twice as long as the sentence offered by the State, and
also argues that the seven-year sentence is disproportionate punishment.








It is axiomatic that errors that are asserted on
the part of the trial court must generally be brought to the trial court=s
attention in order to afford the trial court an opportunity to correct the
error, if any.  To preserve for appellate
review a complaint that a sentence is grossly disproportionate, constituting
cruel and unusual punishment, a defendant must present to the trial court a
timely request, objection, or motion stating the specific grounds for the
ruling desired.  Tex. R. App. P. 33.1(a);
Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding
complaint of cruel and unusual punishment under Texas Constitution was waived
because defendant presented his argument for first time on appeal); Noland
v. State, 264 S.W.3d 144, 151B52 (Tex.
App.CHouston
[1st Dist.] 2007, pet. ref=d)
(holding that when appellant failed to object to his sentence at the punishment
hearing or to complain about it in his motion for new trial, he failed to
preserve his Eighth Amendment complaint that the punishment assessed was Agrossly
disproportionate and oppressive@); Wynn
v. State, 219 S.W.3d 54, 61 (Tex. App.CHouston
[1st Dist.] 2006, no pet.) (holding that defendant=s
failure to object to his life sentence of imprisonment as cruel and unusual
punishment waived error); see also Mercado v. State, 718 S.W.2d 291, 296
(Tex. Crim. App. 1986) (stating that, as a general rule, appellant may not
assert error pertaining to his sentence or punishment when he failed to object
or otherwise raise such error in the trial court).








Kim=s
complaint about the alleged disproportionality of his sentence was not raised
at the time it was imposed or in a motion for new trial.  Therefore, he preserved nothing for our
review.  See Noland, 264 S.W.3d at
151B52; Acosta
v. State, 160 S.W.3d 204, 211 (Tex. App.CFort
Worth 2005, no pet.) (holding that defendant forfeited his Texas
constitution-based complaint that his sentence was grossly disproportionate); see
also Cisneros v. State, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.CFort
Worth Jan. 11, 2007, pet. ref=d) (mem.
op., not designated for publication) (collecting cases).  We overrule both of Kim=s
issues.

Further, even if we were to reach the merits of
Kim=s
complaint, Kim recognizes in his briefing that punishment imposed within the
statutory limits, as here, is generally not subject to challenge for
excessiveness.  See Dale v. State,
170 S.W.3d 797, 799 (Tex. App.CFort
Worth 2005, no pet.).  Subject only to a
very limited, Aexceedingly rare,@ and
somewhat amorphous Eighth Amendment gross-disproportionality review, a
punishment that falls within the legislatively prescribed range, and that is
based upon the sentencer=s informed normative judgment,
is unassailable on appeal.  See Ex
parte Chavez, 213 S.W.3d 320, 323B24 (Tex.
Crim. App. 2006).

                                          IV.  Conclusion

Having overruled Kim=s
issues, we affirm the trial court=s
judgment.

 

BOB
MCCOY

JUSTICE

 

PANEL: LIVINGSTON,
DAUPHINOT, and MCCOY, JJ.

 

DAUPHINOT, J. filed a
concurring and dissenting opinion.

 

PUBLISH

 

DELIVERED: March 26, 2009











 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-406-CR

 

 

EDWIN
WOO JIN KIM                                                           APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                   CONCURRING AND DISSENTING OPINION

 

                                              ------------

Although I agree with the outcome in this case, I
cannot agree with the majority=s
holding that Appellant forfeited his complaint. 








The majority states that a defendant must
complain about the alleged disproportionality of his sentence at the time it is
imposed or in a motion for new trial; otherwise, the majority contends, the
complaint is not preserved.[1]  I do not understand when exactly a defendant
is supposed to lodge this complaint and what relief he is supposed to seek
below.








The majority relies on six cases in support of
its position, none of which addresses my concerns.  In Rhoades v. State, a Texas Court of
Criminal Appeals plurality focuses on Rhoades=s
complaint about the constitutionality of a statute governing a jury
instruction, not a complaint about the constitutionality of his sentence.[2]  Mercado
v. State, another Texas Court of Criminal Appeals opinion, deals not with a
cruel and unusual claim but with a complaint that the procedure used by the
trial court was vindictive.[3]  The Court states, A[Mercado]
did not just fail to object but rather expressly acquiesced in the
procedure used.  We believe that he
should not now be heard to complain that the procedure was vindictive.@[4]  Does the majority here contend that Appellant
somehow expressly acquiesced in the trial court=s
sentencing decision?  In Noland v.
State and Wynn v. State, our sister court in the First District of
Houston holds, as does the majority here, that the defendant forfeited his
Eighth Amendment complaint by not objecting after he was sentenced.[5]  In Cisneros
v. State, an unpublished case, and Acosta v. State, this court also
find forfeiture.[6]  Neither the Houston court nor this court
explains how a defendant can object after the trial is over, but each claims
that defendants should raise the complaint in a motion for new trial.  Neither court explains how a defendant can
get a hearing on the motion in order to provide the record necessary for
addressing the merits of the complaint.








In a criminal case, pronouncing sentence in open
court in the presence of the defendant ends the trial; that act triggers the
running of the appellate timetable.[7]  Unlike a civil case, in which there is
usually a delay between pronouncing the verdict in open court and signing the
judgment, there is no lag time in a criminal case between the pronouncement of
sentence and its execution.  Once a
defendant begins serving the sentence, it is too late to change it.  Although there has been some suggestion that
a judge may immediately change the sentence,[8]
there is no provision in the code of criminal procedure for offering evidence
of disproportionality after sentencing, as the admission of additional evidence
after pronouncement would effectively create a second punishment phase.  And a defendant cannot object in advance that
a sentence is disproportionate because until the sentence is pronounced, the
defendant does not know that it will be objectionable.

Does the majority contend that a defendant must
ask for re-sentencing?  How?  There is no judgment notwithstanding the
verdict (JNOV) in a criminal case.[9]  I know of no provision in the rules of
appellate procedure or the code of criminal procedure that permits an oral
motion for new trial, and it would probably be malpractice to lodge one on the
sentencing issue at trial and forego raising other issues later in a
traditional motion for new trial.








While a party in a civil case must file a motion
for new trial in order to lodge a factual sufficiency issue on appeal of a jury
verdict,[10] in criminal cases the
motion for new trial is expressly not a prerequisite to raising the complaint
on appeal; rather, it is merely a vehicle to provide an adequate record in
support of that claim.[11]

The problem a defendant faces in raising a
proportionality claim under the Eighth Amendment is one of providing a
sufficient record of disproportionality. 
Such claim should not be dismissed out of hand for failure to raise it
in the trial court anymore than an ineffective assistance of counsel claim
should be held forfeited by not raising it at trial or in a motion for new
trial.  The Eighth Amendment claim is not
forfeited; the defendant has not presented an adequate record for the claim to
be reviewed on the merits.








By holding that Appellant has forfeited his
Eighth Amendment proportionality complaint, the majority creates law that
impacts death penalty defendants. 
Disproportionality is often raised in an application for habeas corpus
relief because the record is insufficient on direct appeal.[12] 
Normally, as the majority points out, a complaint not properly raised in
the trial court is forfeited.[13]  Forfeiture means the complaint may not be
raised by writ of habeas corpus.[14]  The Texas Court of Criminal Appeals has held,
however, that this doctrine should not be applied where direct appeal Acannot
be expected to provide an adequate record to evaluate the claim in question,
and the claim might be substantiated through additional evidence gathering in a
habeas corpus proceeding.@[15]  That
is, a complaint that requires a more complete record than can reasonably be
created at trial is not forfeited if rejected on appeal but may still be raised
via an application for habeas corpus.  As
the Texas Court of Criminal Appeals has explained in the ineffective assistance
of counsel context,

We have expressed two separate rationales that
support an exception to the general rule of procedural default in the
ineffective assistance of counsel context. 
First, we have noted the many practical difficulties with requiring an
appellant to claim ineffective assistance at the time of trial or immediately
post‑trial.  For example, in Randle,
we rejected the Court of Appeals=
suggestion that the appellant=s
ineffective assistance claim had been waived by a failure to object with
sufficient specificity to preserve the complaint.  We held that the claim had been adequately
preserved by means of a pre‑trial Motion for Protective Order and post‑trial
Motion for New Trial.  We then continued:








Even if appellant and
defense counsel had chosen to do nothing before or at the time of trial to
bring to the trial court=s attention the particulars
(that underlay appellant=s Sixth Amendment claim),
there is no reason for appellant to have been required to specifically claim
ineffective assistance of counsel at the time of trial.  We do not require any defendant to risk
alienating his trial lawyer by requiring the defendant to claim ineffective
assistance of counsel at the time of trial. 
Further, because many errors by defense counsel are of a technical
nature, the defendant may not even know errors by their trial lawyer are
occurring, and cannot possibly object. 
Many times it is in the review of the record by the appellate attorney
that errors of an ineffective assistance of counsel nature are discovered.  The timely filed appeal to the court of
appeals by appellant is a proper procedure for seeking relief.

 

Thus, a defendant could
not, by inaction at trial, waive the right to make an ineffective assistance of
counsel claim on appeal. 

 

The second reason we have given for not enforcing a procedural bar in
this context is because there is not generally a realistic opportunity to
adequately develop the record for appeal in post‑trial motions. In this
regard, we have noted that a post‑conviction writ proceeding, rather than
a motion for new trial, is the preferred method for gathering the facts
necessary to substantiate such a Sixth Amendment challenge:

 

While expansion of the record may be accomplished
in a motion for new trial, that vehicle is often inadequate because of time
constraints and because the trial record has generally not been transcribed at
this point.  Further, mounting an
ineffective assistance attack in a motion for new trial is inherently unlikely
if the trial counsel remains counsel during the time required to file such a
motion.  Hence, in most ineffective
assistance claims, a writ of habeas corpus is essential to gathering the facts
necessary to adequately evaluate such claims.








Indeed, we have
increasingly noted that, in most cases, the pursuit of such a claim on direct
appeal may be fruitless.[16]

 

Just as a defendant can rarely sustain a
complaint of ineffective assistance of counsel or jury misconduct on direct
appeal, a defendant can rarely sustain a complaint of disproportionality on
direct appeal.  A defendant cannot
complain about a disproportionate sentence before it is pronounced.  Disproportionality requires a showing beyond
a defendant=s not liking the sentence.  It requires evidence of disproportionality.  Even a mere objection is problematic because
the trial is over when the sentence is pronounced, so an objection could be
lodged only after the trial has ended. 
What would that proceeding be called? 
I believe that disproportionality complaints, like those of ineffective
assistance, may be raised in habeas corpus proceedings despite their rejection
in appellate proceedings and that they are therefore not forfeited.

I would, therefore, omit the forfeiture language
and hold, as did the majority implicitly in the final paragraph of its analysis
of Appellant=s disproportionality complaint,
that the record is inadequate to show why Appellant=s
sentence, well within the range of punishment established by the legislature,
is grossly disproportionate and violative of the Eighth Amendment prohibition.








 

LEE
ANN DAUPHINOT

JUSTICE

 

PUBLISH

DELIVERED: March 26, 2009











[1]Kim testified that he
understood that the trial court could assess punishment anywhere within the
punishment range of the offense.





[2]The punishment range for
burglary of a habitation, a second degree felony, is two to twenty years= confinement.  See Tex. Penal Code Ann. '' 12.33(a),
30.02(c)(2) (Vernon 2003).





[1]Majority op. at 4.





[2]Rhoades v. State, 934 S.W.2d 113, 120
(Tex. Crim. App. 1996).





[3]Mercado v. State, 718 S.W.2d  291, 296 (Tex. Crim. App. 1986).





[4]Id. (emphasis added).





[5]Noland v. State, 264 S.W.3d 144, 152
(Tex. App.CHouston [1st Dist.] 2007,
pet. ref=d); Wynn v. State,
219 S.W.3d 54, 61 (Tex. App.CHouston [1st Dist.] 2006, no pet.).





[6]Acosta v. State, 160 S.W.3d 204, 211
(Tex. App.CFort Worth 2005, no
pet.); Cisneros v. State, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex.
App.CFort Worth Jan. 11, 2007,
pet. ref=d) (mem. op., not
designated for publication).





[7]Pruitt v. State, 737 S.W.2d 622, 623
(Tex. App.CFort Worth 1987, pet. ref=d); see also
Tex. R. App. P. 26.2.





[8]See State v. Aguilera, 165 S.W.3d 695, 698
(Tex. Crim. App. 2005).





[9]State v. Savage, 933 S.W.2d 497, 499 (Tex.
Crim. App. 1996) (holding trial court hearing criminal case lacks authority to
grant JNOV); see Tex. Code Crim. Proc. Ann. art. 42.01, ' 1(7) (Vernon 2006).





[10]Tex. R. Civ. P. 324(b)(2), (3).





[11]See Tex. R. App. P. 21.2.





[12]See generally Rummel v. Estelle,
445 U.S. 263, 100 S. Ct. 1133 (1980); Russell v. Collins, 998 F.2d 1287
(5th Cir. 1993), cert. denied, 510 U.S. 1185 (1994).





[13]See majority op. at 4.





[14]See Ex parte Torres, 943 S.W.2d 469, 475
(Tex. Crim. App. 1997) (AGenerally, a claim which
was previously raised and rejected on direct appeal is not cognizable on habeas
corpus.@).





[15]Id.





[16]Robinson v. State, 16 S.W.3d 808, 809B11 (Tex. Crim. App. 2000)
(citations omitted).