**Order entered December 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01374-CR

**GAYLON DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

### On Appeal from the Criminal District Court No. 4
### Dallas County, Texas
### Trial Court Cause No. F12-33585-K

## ORDER

The Court has before it appellant's pro se request for appointment of counsel to pursue the appeal. The clerk's record reflects that sentence was imposed in absentia on August 22, 2014. It appears from a docket sheet entry and a "notice of disposition" that appellant was sentenced in open court on September 30, 2014 after he was returned to custody. The clerk's record, however, does not contain a judgment reflecting the September 30, 2014 sentencing date. The trial court certified that appellant has the right to appeal, and appellant filed a pro se notice of appeal on October 8, 2014.

Absent certain exceptions that do not appear to apply to this case, the Texas Code of Criminal Procedure requires that sentence be pronounced in open court in the defendant's presence. *See* TEX. CODE CRIM. P. ANN. art. 42.03, § 1(a) (West Supp. 2014). Thus, the

operative date for appellate purposes appears to be September 30, 2014. *See Pruitt v. State*, 737 S.W.2d 622, 622–23 (Tex. App.—Fort Worth 1987, pet. ref'd); *see also Williams v. State*, No. 05-05-00182-CR, 2005 WL 2841259, at *3 (Tex. App.—Dallas Oct. 31, 2005, no pet.) (not designated for publication).

The front cover of the clerk's record lists Carl N. White as appellant's counsel. The record reflects Mr. White served as trial counsel for appellant. Appellant filed a pro se notice of appeal, and there is no separate order appointing Mr. White as appellate counsel. Additionally, the reporter's record is overdue.

Accordingly, we **ORDER** the trial court to conduct a hearing and to make findings regarding the following:

- Whether the judgment accurately reflects the date sentence was imposed in open court with the defendant present.

- Whether appellant is indigent and entitled to court appointed counsel. If appellant is indigent, we **ORDER** the trial court to appoint counsel to represent appellant in this appeal.

- If the trial court finds appellant is not indigent, the trial court shall determine whether appellant has retained counsel to represent him on appeal. If appellant has retained counsel, the trial court shall make a finding as to the name, State Bar number, and contact information for retained counsel.

- The trial court shall next determine: (1) whether appellant requested preparation of the reporter's record; (2) the name of each court reporter who recorded proceedings in the case; and (3) the date by which the complete reporter's record will be filed.

We **ORDER** the trial court to transmit a record containing its written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. If the trial court finds that the judgment does not reflect the correct sentencing date, the supplemental record shall contain a judgment that accurately reflects the date sentence was pronounced in open court with appellant present.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/ ADA BROWN
   JUSTICE