PD-0806&0807-15

PD-0806&0807-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/1/2015 3:31:07 PM
Accepted 7/1/2015 4:38:28 PM
ABEL ACOSTA
CLERK

NO. PD-_____

TO THE COURT OF CRIMINAL APPEALS OF TEXAS

**Karl Dean Jackson, Appellant**

**v.**

**The State of Texas, Appellee**

*************

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

***************

FROM THE COURT OF APPEALS

SECOND APPELLATE DISTRICT OF TEXAS

FORT WORTH, TEXAS


NO. 02-14-00513-CR, 02-14-00514-CR


TARRANT COUNTY

TRIAL COURT NO. 1319320D, 1328761D


FILED IN
COURT OF CRIMINAL APPEALS

July 1, 2015

ABEL ACOSTA, CLERK

R. Scott Walker

STATE BAR # 24004972

222 W. Exchange Avenue

Fort Worth, TX 76164

(817) 478-9999

(817) 977-0163 FACSIMILE

scott@lawyerwalker.com

Attorney for Appellant


<u>**Oral Argument Requested**</u>

1

## IDENTITY OF TRIAL JUDGE, PARTIES, AND COUNSEL

The following is a complete list of all parties, the trial judge, as well as the names and addresses of all counsel.

Trial Judge:      Hon. George Gallagher

Appellant:       Karl Dean Jackson

Trial Counsel:     John Beatty
           Attorney at Law
           912 W. Belknap
           Fort Worth, Texas 76102

Appellate       R. Scott Walker
Attorney for Appellant: Attorney at Law
           222 W. Exchange Avenue
           Fort Worth, Texas 76164

Appellee:       The State of Texas

Trial          Jacob O. Mitchell
Attorney for Appellee:  Tarrant County Assistant
           District Attorney
           401 W. Belknap
           Fort Worth, Texas 76196

Appellate       Sharen Wilson
Attorney for Appellee:  Tarrant County
           District Attorney
           401 W. Belknap
           Fort Worth, Texas 76196

# **TABLE OF CONTENTS**

PAGE

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . 2

TABLE OF CONTENTS . . . . . . . . . . . . . . . . 3

INDEX OF AUTHORITIES . . . . . . . . . . . . . . 4

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . 4

STATEMENT OF THE CASE . . . . . . . . . . . . . . 5

STATEMENT OF PROCEDURAL HISTORY OF THE CASE. . . 6

QUESTION PRESENTED . . . . . . . . . . . . . . . 6

ARGUMENT (WAIVER OF DISPROPORTIONALITY OF

SENTENCE COMPLAINTS). . . . . . . . . . . . . . . 6

PRAYER . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . 15

APPENDIX. . . . . . . . . . . . . . . . . . . 16

# INDEX OF AUTHORITIES

## CASES

*Davis v. State*,
905 S.W.2d 655,     (Tex.App.--Texarkana
1995, pet. ref'd). . . . . . . . . . . . . . . . . 8

*Ex Parte Beck,*
922 S.W.2d 181 (Tex.Crim.App. 1996). . . . . 9

*Ex Parte Torres,*
943 S.W. 2d 469 (Tex.Crim.App. 1997) . . . . 10

*Ex Parte McIver,*
586 S.W.2d 851 (Tex.Crim.App. 1979) . . . . . 9

*Graham v. Florida,*
560 U.S. 48,(2010). . . . . . . . . . . . . . . . 9

*Kim v. State,*
283 S.W.3d 473 (Tex.App.--Fort Worth,
2009, pet ref'd). . . . . . . . . . . . . . . 9, 12

*Pruitt v. State,*
737 S.W. 2d 622 (Tex.App.—Fort Worth, pet.
Ref'd) . . . . . . . . . . . . . . . . . . . . . 8

*Solem v. Helm,*
463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d
637 (1983). . . . . . . . . . . . . . . . . . . 8

*State v. Aguilera,*
165 S.W. 3d 695 (Tex.Crim.App. 2005). . . . . 8

*State v. Savage,*
933 S.W.2d 497, 499 (Tex.App. 1996) . . . . . 9

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument of this case is hereby requested on behalf of Appellant.

All references to Texas statutes, rules, etc. are references to the latest edition published by West Publishing Company, unless otherwise indicated.

KARL DEAN JACKSON, Appellant-Applying for Review

V.

THE STATE OF TEXAS, Appellee

************

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

************

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

## STATEMENT OF THE CASE

This appeal has resulted from a probation revocation for indecency with a child and burglary of a habitation. On December 17, 2014, Appellant pled true to some of the allegations and not true to other allegations in the Petitions to Proceed to Adjudication. (R.R. Vol. 1, p. 5-10). After evidence was presented, the trial judge found all but one of the allegations to be true and set

5

punishment at fifteen years confinement. (R.R. Vol. 1, p. 122).

## STATEMENT OF PROCEDURAL HISTORY OF THE CASE

The Court of Appeals rendered its decision and delivered its written non-published memorandum opinion on June 25, 2015. The deadline for filing a Petition for Discretionary Review is July 25, 2015.

## QUESTION PRESENTED

Whether disproportionate sentencing is waived if not presented to the trial court or in a motion for new trial.

## ARGUMENT

The Second Court of Appeals, in this case and in many others, has held that a disproportionality complaint is forfeited when there is no complaint during the trial or in a motion for new trial. The Court of Criminal Appeals has consistantly declined to rule on this issue. This is an important issue that begs to be heard by this Honorable Court.

It is well-established under Texas Law that a sentence imposed by a judge within the statutory range is not an abuse of discretion. This court does not have the jurisdiction to review the reasonableness of punishment assessed by a trial court of this State if it is within the range of punishment prescribed by statute for the offense, unless it is so plainly disproportionate to the offense as to shock the sense of humankind and thus constitute cruel and unusual punishment prohibited by the United States and Texas Constitutions. See *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637, 649 (1983), *Davis v. State,* 905 S.W.2d 655, 664 (Tex.App.--Texarkana 1995, pet. ref'd). In the instant case, the trial judge set sentence at ten years, when the maximum for the offense was 20 years.

In the instant case, there was no disproportionality complaint during the trial or in a subsequent motion for new trial. Again, the Second Court of Appeals has consistently held that proportionality complaints are forfeited when there

7

is no complaint during the trial or in a subsequent motion for new trial. *Kim v. State,* 283 S.W.3d 473, 475 (Tex.App.--Fort Worth 2009, pet ref'd). However, Justice Dauphinot has consistently dissented as to that issue.

In *Kim,* Justice Dauphinot very carefully delineates the practical problems with the majority holding. In a criminal case, pronouncing sentence in open court in the presence of the defendant ends the trial; that act triggers the running of the appellate timetable. *State v. Aguilera,* 165 S.w. 3d 695, 698 (Tex.Crim.App. 2005), *Pruitt v. State*, 737 S.W. 2d 622, 623 (Tex.App.—Fort Worth, pet. Ref'd). Unlike a civil case, in which there is usually a delay between pronouncing the verdict in open court and signing the judgment, there is no lag time in a criminal case between the pronouncement of sentence and its execution. Once a defendant begins serving the sentence, it is too late to change it. Although there has been some suggestion that a judge may immediately change the sentence, there is no provision in the code of

8

criminal procedure for offering evidence of disproportionality after sentencing, as the admission of additional evidence after pronouncement would effectively create a second punishment phase. A defendant cannot object in advance that a sentence is disproportionate because until the sentence is pronounced, the defendant does not know that it will be objectionable.

Justice Dauphinot also asks, "Does the majority contend that a defendant must ask for re-sentencing?" How?" There is no judgment, notwithstanding the verdict (JNOV) in a criminal case. *State v. Savage,* 933 S.W.2d 497, 499 (Tex.App. 1996). There is no provision in the rules of appellate procedure or the code of criminal procedure that permits an oral motion for new trial, and it would probably be malpractice to lodge one on the sentencing issue at trial and fore-go raising other issues later in a traditional motion for new trial.

While a party in a civil case must file a motion for new trial, in order to lodge a factual

sufficiency issue on appeal of a jury verdict, in criminal cases the motion for new trial is expressly not a prerequisite to raising the complaint on appeal; rather, it is merely a vehicle to provide an adequate record in support of that claim.

The problem a defendant faces in raising a proportionality claim under the Eighth Amendment is one of providing a sufficient record of disproportionality. Such claim should not be dismissed out of hand, for failure to raise it in the trial court, anymore than an ineffective assistance of counsel claim should be held forfeited by not raising it at trial or in a motion for new trial.

Also, as Justice Dauphinot points out, another reason courts have given for not enforcing a procedural bar in this context of ineffective assistance is because there is not generally a realistic opportunity to adequately develop the record for appeal in post-trial motions. In this regard, the courts have noted that a post-

conviction writ proceeding, rather than a motion for new trial, is the preferred method for gathering the facts necessary to substantiate such a Sixth Amendment challenge. While expansion of the record may be accomplished in a motion for new trial, that vehicle is often inadequate because of time constraints and because the trial record has generally not been transcribed at this point. Further, mounting an ineffective assistance attack in a motion for new trial is inherently unlikely if the trial counsel remains counsel during the time required to file such a motion. Hence, in most ineffective assistance claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate such claims. The pursuit of such a claim on direct appeal may be fruitless. *Ex parte Torres,* 943 S.W. 2d 469, 475 (Tex.Crim.App. 1997).

Just as the courts have held that a defendant can rarely sustain a complaint of ineffective assistance of counsel or jury misconduct on direct appeal; the Second Court of Appeals holds that a

11

criminal defendant can rarely sustain a complaint of disproportionality on direct appeal. A defendant cannot complain about a disproportionate sentence before it is pronounced. Disproportionality requires a showing beyond a defendant's not liking the sentence. It requires evidence of disproportionality. Even a mere objection is problematic because the trial is over when the sentence is pronounced, so an objection could be lodged only after the trial has ended. What would that proceeding be called? Disproportionality complaints, like those of ineffective assistance, should be reviewable in appellate proceedings regardless of whether the complaint was brought to the attention of the trial court. *Kim v. State,* dissenting opinion, 283 S.W.3d 473, 476-479 (Tex.App.—Fort Worth, 2009, pet ref'd).

It will be noted that Justice Dauphinot is correct that requiring an objection to the sentence during the trial or in a motion for new trial is so impractical that the burden on the defense to preserve the error is virtually insurmountable. It

should also be noted that the recent U.S. Supreme Court holding in *Graham* makes it clear that the test in *Solem* is still the test today. *Grahm v. Florida,* 560 U.S. 48,60 (2010).

Without minimalizing the practicality concerns deliniated by Justice Dauphinot, there is another basis for a holding that failure to bring a disproportionality complaint before the trial court is not waive. The argument is founded on well-settled constitutional law. The Court of Criminal Appeals has held that a sentence outside the statutory range is void and that the complaint can be brought for the first time on appeal. *Ex parte Beck,* 922 S.W.2d 181, 182 (Tex.Crim.App. 1996), *Ex parte McIver,* 586 S.W.2d 851, 854 (Tex.Crim.App. 1979). The analysis is that a sentence which is outside the statutory range is an illegal sentence which is unauthorized by law and is therefore void. A sentence which violates the Eighth Amendment because it is a disproportionate sentence is also an illegal sentence which is not authorized by law. After all, the U.S. Constitution *is certainly the*

*supreme law of the land.* Such a sentence is also void, and the complaint should be reviewable when brought for the first time on appeal. Any cases holding otherwise should be overruled.

**<u>PRAYER</u>**

WHEREFORE, PREMISES CONSIDERED, Karl Dean Jackson, appellant, prays that the case be reversed or for whatever other relief he has shown himself entitled.

Respectfully Submitted,


S/Scott Walker

By: R. Scott Walker
Attorney for Appellant
222 W. Exchange Avenue
Fort Worth, Texas 76164
(817) 478-9999
(817) 977-0163 FAX
State Bar No. 24004972

**CERTIFICATE OF SERVICE**

A copy of this petition was served by first class mail to the Office of Criminal District Attorney, Tarrant County Courthouse, 401 W. Belknap, Fort Worth, Texas 76196 and to the State Prosecuting Attorney at P.O. Box 12405, Austin, Texas 78711 on the 3rd day of July, 2015.

s/Scott Walker

R. Scott Walker

**CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the length requirements as set forth by the Texas Rules of Appellate Procedure in that this document contains 2,224 words, and that the document is in 14 point type.

s/Scott Walker

R. Scott Walker

15

# APPENDIX



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00513-CR
### NO. 02-14-00514-CR

KARL DEAN JACKSON                                          APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1319320D, 1328761D

----------

## MEMORANDUM OPINION[1]

----------

In August 2013, Appellant Karl Dean Jackson pleaded guilty to two second-degree felony offenses—indecency with a child and burglary of a habitation—in exchange for seven years' deferred-adjudication community supervision for each offense. *See* Tex. Penal Code Ann. §§ 21.11(d), 30.02(c)(2) (West 2011). In December 2014, after Jackson pleaded true to

---

[1]*See* Tex. R. App. P. 47.4.

several of the allegations in the State's petition to proceed to adjudication, the trial court found those allegations, as well as other allegations, true. The trial court then revoked Jackson's community supervision, convicted him of both offenses, and sentenced him to fifteen years' confinement in each case, to be served concurrently. *See id.* § 12.33 (West 2011) (stating that the punishment range for a second-degree felony is not more than 20 years or less than 2 years and up to a $10,000 fine).

In a single issue, Jackson complains that his sentences constituted excessive and disproportionate punishment. However, Jackson concedes in his brief that he did not raise this complaint in the trial court or in a subsequent motion for new trial, and he acknowledges that this court, in *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd), and *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd), "has consistently held that proportionality complaints are forfeited when there is no complaint during the trial or in a subsequent motion for new trial." Declining Jackson's invitation to reconsider *Laboriel-Guity* and *Kim*, we overrule his sole issue as unpreserved and affirm the trial court's judgments.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 25, 2015



# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-14-00513-CR

| | | |
|---|---|---|
| Karl Dean Jackson | § | From the 396th District Court |
| | § | of Tarrant County (1319320D) |
| v. | § | June 25, 2015 |
| | § | Opinion by Justice Sudderth |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By  /s/ Bonnie Sudderth_____
      Justice Bonnie Sudderth