PD-1191-15

PD-1191-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/15/2015 3:50:42 PM
Accepted 9/16/2015 12:53:34 PM
ABEL ACOSTA
CLERK

NO. PD-_____

TO THE COURT OF CRIMINAL APPEALS OF TEXAS

**Leonard James Hall, Appellant**

**v.**

**The State of Texas, Appellee**

\*\*\*\*\*\*\*\*\*\*\*\*\*

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FROM THE COURT OF APPEALS

SECOND APPELLATE DISTRICT OF TEXAS

FORT WORTH, TEXAS

NO. 02-15-00094-CR

TARRANT COUNTY

TRIAL COURT NO. 1352061D

FILED IN
COURT OF CRIMINAL APPEALS

September 16, 2015

ABEL ACOSTA, CLERK

R. Scott Walker

STATE BAR # 24004972

222 W. Exchange Avenue

Fort Worth, TX 76164

(817) 478-9999

(817) 977-0163 FACSIMILE

scott@lawyerwalker.com

Attorney for Appellant

**Oral Argument Requested**

1

## IDENTITY OF TRIAL JUDGE, PARTIES, AND COUNSEL

The following is a complete list of all parties, the trial judge, as well as the names and addresses of all counsel.

| | |
|---|---|
| Trial Judge: | Hon. Mollie Westfall |
| Appellant: | Leonard James Hall |
| Trial Counsel: | Dan Pitzer<br>Attorney at Law<br>204 N. Main Street<br>Mansfield, Texas 76063 |
| Appellate Attorney for Appellant: | R. Scott Walker<br>Attorney at Law<br>222 W. Exchange Avenue<br>Fort Worth, Texas 76164 |
| Appellee: | The State of Texas |
| Trial Attorney for Appellee: | Rebecca D. McIntire<br>Tarrant County Assistant<br>District Attorney<br>401 W. Belknap<br>Fort Worth, Texas 76196 |
| Appellate Attorney for Appellee: | Sharen Wilson<br>Tarrant County<br>District Attorney<br>401 W. Belknap<br>Fort Worth, Texas 76196 |

# **TABLE OF CONTENTS**

PAGE

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . 2

TABLE OF CONTENTS . . . . . . . . . . . . . . . . 3

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . 4

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . 4

STATEMENT OF THE CASE . . . . . . . . . . . . . . . 5

STATEMENT OF PROCEDURAL HISTORY OF THE CASE. . . 6

QUESTION PRESENTED . . . . . . . . . . . . . . . . 6

ARGUMENT (WAIVER OF DISPROPORTIONALITY OF

SENTENCE COMPLAINTS). . . . . . . . . . . . . . . . 6

PRAYER . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . 15

APPENDIX. . . . . . . . . . . . . . . . . . . . . 16

# INDEX OF AUTHORITIES

## CASES

*Davis v. State,*
   905 S.W.2d 655,      (Tex.App.--Texarkana
   1995, pet. ref'd). . . . . . . . . . . . . . . .  8

*Ex Parte Beck,*
   922 S.W.2d 181 (Tex.Crim.App. 1996). . . . .  9

*Ex Parte Torres,*
   943 S.W. 2d 469 (Tex.Crim.App. 1997) . . . . 10

*Ex Parte McIver,*
   586 S.W.2d 851 (Tex.Crim.App. 1979) . . . . . 9

*Graham v. Florida,*
   560 U.S. 48,(2010). . . . . . . . . . . . . . . 9

*Kim v. State,*
   283 S.W.3d 473 (Tex.App.--Fort Worth,
   2009, pet ref'd). . . . . . . . . . . . . . 9, 12

*Pruitt v. State,*
   737 S.W. 2d 622 (Tex.App.—Fort Worth, pet.
   Ref'd) . . . . . . . . . . . . . . . . . . . . 8

*Solem v. Helm,*
   463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d
   637 (1983). . . . . . . . . . . . . . . . . .  8

*State v. Aguilera,*
   165 S.W. 3d 695 (Tex.Crim.App. 2005). . . . . 8

*State v. Savage,*
   933 S.W.2d 497, 499 (Tex.App. 1996) . . . . . 9

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument of this case is hereby requested on behalf of Appellant.

All references to Texas statutes, rules, etc. are references to the latest edition published by West Publishing Company, unless otherwise indicated.

LEONARD JAMES HALL, Appellant-Applying for Review

V.

THE STATE OF TEXAS, Appellee

\*\*\*\*\*\*\*\*\*\*\*\*

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

## STATEMENT OF THE CASE

This appeal has resulted from a probation revocation for aggravated assault with a deadly weapon. On March 20, 2015, appellant pled not true to the allegations in the Petition to Proceed to Adjudication. (C.R. Vol. 1, p. 58, R.R. v. 1, p. 1-10). After evidence was presented, the trial judge found all but one of the allegations to be

5

true and set punishment at seven years confinement. (C.R. Vol. 1, p. 58).

## STATEMENT OF PROCEDURAL HISTORY OF THE CASE

The Court of Appeals rendered its decision and delivered its written non-published memorandum opinion on August 27, 2015. The deadline for filing a Petition for Discretionary Review is September 26, 2015.

## QUESTION PRESENTED

Whether disproportionate sentencing is waived if not presented to the trial court or in a motion for new trial.

## ARGUMENT

The Second Court of Appeals, in this case and in many others, has held that a disproportionality complaint is forfeited when there is no complaint during the trial or in a motion for new trial. The Court of Criminal Appeals has consistantly declined to rule on this issue. This is an important issue that begs to be heard by this Honorable Court.

6

It is well-established under Texas Law that a sentence imposed by a judge within the statutory range is not an abuse of discretion. This court does not have the jurisdiction to review the reasonableness of punishment assessed by a trial court of this State if it is within the range of punishment prescribed by statute for the offense, unless it is so plainly disproportionate to the offense as to shock the sense of humankind and thus constitute cruel and unusual punishment prohibited by the United States and Texas Constitutions. See *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637, 649 (1983), *Davis v. State,* 905 S.W.2d 655, 664 (Tex.App.--Texarkana 1995, pet. ref'd). In the instant case, the trial judge set sentence at seven years, when the maximum for the offense was 20 years.

In the instant case, there was no disproportionality complaint during the trial or in a subsequent motion for new trial. Again, the Second Court of Appeals has consistently held that proportionality complaints are forfeited when there

is no complaint during the trial or in a subsequent motion for new trial. *Kim v. State,* 283 S.W.3d 473, 475 (Tex.App.--Fort Worth 2009, pet ref'd). However, Justice Dauphinot has, on several occasions, dissented as to that issue.

In *Kim,* Justice Dauphinot very carefully delineates the practical problems with the majority holding. In a criminal case, pronouncing sentence in open court in the presence of the defendant ends the trial; that act triggers the running of the appellate timetable. *State v. Aguilera,* 165 S.w. 3d 695, 698 (Tex.Crim.App. 2005), *Pruitt v. State*, 737 S.W. 2d 622, 623 (Tex.App.—Fort Worth, pet. Ref'd). Unlike a civil case, in which there is usually a delay between pronouncing the verdict in open court and signing the judgment, there is no lag time in a criminal case between the pronouncement of sentence and its execution. Once a defendant begins serving the sentence, it is too late to change it. Although there has been some suggestion that a judge may immediately change the sentence, there is no provision in the code of

criminal procedure for offering evidence of disproportionality after sentencing, as the admission of additional evidence after pronouncement would effectively create a second punishment phase. A defendant cannot object in advance that a sentence is disproportionate because until the sentence is pronounced, the defendant does not know that it will be objectionable.

Justice Dauphinot also asks, "Does the majority contend that a defendant must ask for re-sentencing?" How?" There is no judgment, notwithstanding the verdict (JNOV) in a criminal case. *State v. Savage,* 933 S.W.2d 497, 499 (Tex.App. 1996). There is no provision in the rules of appellate procedure or the code of criminal procedure that permits an oral motion for new trial, and it would probably be malpractice to lodge one on the sentencing issue at trial and fore-go raising other issues later in a traditional motion for new trial.

While a party in a civil case must file a motion for new trial, in order to lodge a factual

9

sufficiency issue on appeal of a jury verdict, in criminal cases the motion for new trial is expressly not a prerequisite to raising the complaint on appeal; rather, it is merely a vehicle to provide an adequate record in support of that claim.

The problem a defendant faces in raising a proportionality claim under the Eighth Amendment is one of providing a sufficient record of disproportionality. Such claim should not be dismissed out of hand, for failure to raise it in the trial court, anymore than an ineffective assistance of counsel claim should be held forfeited by not raising it at trial or in a motion for new trial.

Also, as Justice Dauphinot points out, another reason courts have given for not enforcing a procedural bar in this context of ineffective assistance is because there is not generally a realistic opportunity to adequately develop the record for appeal in post-trial motions. In this regard, the courts have noted that a post-

10

conviction writ proceeding, rather than a motion for new trial, is the preferred method for gathering the facts necessary to substantiate such a Sixth Amendment challenge. While expansion of the record may be accomplished in a motion for new trial, that vehicle is often inadequate because of time constraints and because the trial record has generally not been transcribed at this point. Further, mounting an ineffective assistance attack in a motion for new trial is inherently unlikely if the trial counsel remains counsel during the time required to file such a motion. Hence, in most ineffective assistance claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate such claims. The pursuit of such a claim on direct appeal may be fruitless. *Ex parte Torres,* 943 S.W. 2d 469, 475 (Tex.Crim.App. 1997).

Just as the courts have held that a defendant can rarely sustain a complaint of ineffective assistance of counsel or jury misconduct on direct appeal; the Second Court of Appeals holds that a

11

criminal defendant can rarely sustain a complaint of disproportionality on direct appeal. A defendant cannot complain about a disproportionate sentence before it is pronounced. Disproportionality requires a showing beyond a defendant's not liking the sentence. It requires evidence of disproportionality. Even a mere objection is problematic because the trial is over when the sentence is pronounced, so an objection could be lodged only after the trial has ended. What would that proceeding be called? Disproportionality complaints, like those of ineffective assistance, should be reviewable in appellate proceedings regardless of whether the complaint was brought to the attention of the trial court. *Kim v. State,* dissenting opinion, 283 S.W.3d 473, 476-479 (Tex.App.—Fort Worth, 2009, pet ref'd).

It will be noted that Justice Dauphinot is correct that requiring an objection to the sentence during the trial or in a motion for new trial is so impractical that the burden on the defense to preserve the error is virtually insurmountable. It

should also be noted that the recent U.S. Supreme Court holding in *Graham* makes it clear that the test in *Solem* is still the test today. *Grahm v. Florida,* 560 U.S. 48,60 (2010).

Without minimalizing the practicality concerns deliniated by Justice Dauphinot, there is another basis for a holding that failure to bring a disproportionality complaint before the trial court is not waiver. The argument is founded on well-settled constitutional law. The Court of Criminal Appeals has held that a sentence outside the statutory range is void and that the complaint can be brought for the first time on appeal. *Ex parte Beck,* 922 S.W.2d 181, 182 (Tex.Crim.App. 1996), *Ex parte McIver,* 586 S.W.2d 851, 854 (Tex.Crim.App. 1979). The analysis is that a sentence which is outside the statutory range is an illegal sentence which is unauthorized by law and is therefore void. A sentence which violates the Eighth Amendment because it is a disproportionate sentence is also an illegal sentence which is not authorized by law. After all, the U.S. Constitution **is** *certainly the*

13

*supreme law of the land.* Such a sentence is also void, and the complaint should be reviewable when brought for the first time on appeal. Any cases holding otherwise should be overruled.

<b><u>PRAYER</u></b>

WHEREFORE, PREMISES CONSIDERED, Leonard James Hall, appellant, prays that the case be reversed or for whatever other relief he has shown himself entitled.

Respectfully Submitted,

S/Scott Walker

By: R. Scott Walker
Attorney for Appellant
222 W. Exchange Avenue
Fort Worth, Texas 76164
(817) 478-9999
(817) 977-0163 FAX
State Bar No. 24004972

**CERTIFICATE OF SERVICE**

A copy of this petition was served by first class mail to the Office of Criminal District Attorney, Tarrant County Courthouse, 401 W. Belknap, Fort Worth, Texas 76196 and to the State Prosecuting Attorney at P.O. Box 12405, Austin, Texas 78711 on the 16th day of September, 2015.

s/Scott Walker

Scott Walker

**CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the length requirements as set forth by the Texas Rules of Appellate Procedure in that this document contains 2,228 words, and that the document is in 14 point type.

s/Scott Walker

Scott Walker

# APPENDIX



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00094-CR

LEONARD JAMES HALL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1352061D

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a judgment revoking deferred adjudication community supervision and adjudicating guilt. In 2013, Appellant Leonard James Hall pleaded guilty, pursuant to a plea agreement, to aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(2) (West 2011). Following this plea, the trial court placed Hall on seven years' deferred

---

[1]*See* Tex. R. App. P. 47.4.

adjudication community supervision and imposed a $700 fine. In 2015, the State filed a petition to proceed to adjudication, alleging in five paragraphs multiple violations by Hall of the conditions of his deferred adjudication community supervision. Hall pleaded not true to all five alleged violations. The trial court found that Hall had committed the violations alleged in paragraphs 1, 2, 3, and 5; revoked Hall's deferred adjudication community supervision; adjudicated his guilt of the offense of aggravated assault with a deadly weapon; and sentenced him to seven years' confinement. In a single issue, Hall argues that the seven-year sentence imposed by the trial court is excessive and disproportionate. We will affirm.

Hall concedes that he did not object to his punishment when it was imposed, nor did he raise this complaint in a motion for new trial. We have held on numerous occasions that this type of claim must be preserved at the trial court level. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.); *see also Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth May 23, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases); *cf. Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced."). Because Hall did

not raise his complaint in the trial court, the complaint is forfeited.[2]  We overrule

Hall's sole issue.

Having overruled Hall's sole issue, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 27, 2015

---

[2]Even if we were to reach the merits of Hall's complaint, his punishment is within the statutory limits for the offense.  *See* Tex. Penal Code Ann. §§ 12.33(a), 30.02(c)(2) (West 2011).  Punishment that is imposed within the statutory limits and based upon the sentencer's informed normative judgment is generally not subject to challenge for excessiveness except in "'exceedingly rare'" situations. *Kim*, 283 S.W.3d at 476 (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)); *see also Davis v. State*, 323 S.W.3d 190, 195–96 (Tex. App.—Dallas 2008, pet. ref'd) (stating that punishment within statutory range was not excessive, cruel, or unusual when defendant argued that the penitentiary could not provide treatment for his medical condition).

3



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00094-CR

| | | |
|---|---|---|
| Leonard James Hall | § | From the 371st District Court |
| | § | of Tarrant County (1352061D) |
| v. | § | August 27, 2015 |
| | § | Opinion by Justice Walker |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By _/s/ Sue Walker_____
     Justice Sue Walker