

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00081-CR

---

DONALD DEON CLARKE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 242nd District Court
Swisher County, Texas
Trial Court No. B-4913-21-12, Honorable Kregg Hukill, Presiding

---

March 27, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Donald Deon Clarke, appeals his conviction for aggravated assault with a deadly weapon[1] and sentence of twenty years' confinement. We dismiss the untimely appeal for want of jurisdiction.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(b)(1).

The trial court sentenced Appellant on November 6, 2024.[2]  Because Appellant timely filed a motion for new trial, his notice of appeal was due within ninety days after sentence was imposed, by February 4, 2025.  *See* TEX. R. APP. P. 21.4(a), 26.2(a)(1).  Appellant filed a notice of appeal on February 11, 2025, without filing a motion for an extension of time.  *See* TEX. R. APP. P. 26.3.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal.  *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).  If a notice of appeal is not timely filed, an appellate court has no option but to dismiss the appeal for want of jurisdiction.  *Id.*  By letter of February 21, 2025, we notified Appellant of the consequences of his late notice of appeal and directed him to show how the Court has jurisdiction over the appeal by March 3, 2025.  Appellant has not filed a response nor had any further communication with this Court to date.

Because Appellant's untimely notice of appeal prevents this Court from acquiring jurisdiction over the appeal, we dismiss the appeal for want of jurisdiction.[3]

Per Curiam

Do not publish.

---

[2] The record reflects that Appellant was tried in absentia after failing to appear on the second and third days of trial.  Appellant also failed to appear at his sentencing hearing on July 15, 2024, and was sentenced in absentia at that time.  Following his subsequent arrest, Appellant was sentenced in open court on November 6, 2024, as reflected in the *Nunc Pro Tunc Judgment of Conviction*.  Under Article 42.03 § 1(a) of the Code of Criminal Procedure, which requires sentencing to be pronounced in the defendant's presence, the time period for filing a notice of appeal did not begin until the trial court pronounced sentence on November 6, 2024.  *See Pruitt v. State*, 737 S.W.2d 622, 623 (Tex. App.—Fort Worth 1987, pet. ref'd).

[3] Appellant may be entitled to relief by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.