Charston Louis MEACHUM, Appellant

v.

The STATE of Texas, Appellee.

No. 14–07–00811–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 4, 2008.

Crespin Michael Linton, Houston, TX, for appellants.

Kevin P. Keating, Houston, TX, for State.

Panel consists of Chief Justice HEDGES and Justices GUZMAN and BROWN.

## ABATEMENT ORDER

HEDGES, Chief Justice.

This is a plea bargain case in which appellant, Charston Louis Meachum, was sentenced in absentia. We abate this appeal for a new sentencing hearing and order the trial court to pronounce sentence in appellant's presence.

## I. BACKGROUND

Appellant entered into a plea agreement with the State after he was charged with the felony offense of aggregate theft. The plea agreement provided that appellant would plead guilty to the charged offense and serve four years in prison. On August 28, 2007, the plea agreement was submitted to the trial court, and appellant pleaded guilty. The trial court withheld its finding of guilt and reset the case for punishment. Appellant, however, failed to appear at the subsequent punishment hearing. The trial court proceeded without appellant and found him guilty based on his previous admission of guilt. Over counsel's objection, the trial court rejected the original plea agreement and sentenced appellant to ten years in prison. Appellant turned himself in the following day.

Thereafter, appellant filed a motion for new trial, arguing that the trial court erred by rejecting the plea agreement of

four years and sentencing him in absentia to 10 years. The motion was denied, and this appeal ensued. In two issues, appellant contends that the trial court erred by (1) sentencing him in absentia and (2) assessing punishment that exceeded the plea agreement without first allowing appellant to withdraw his guilty plea.[1]

## II. JURISDICTION

As a threshold matter, the State challenges our appellate jurisdiction. The State contends that we do not have jurisdiction because, the trial court having failed to pronounce the sentence in appellant's presence, there is no sentence in this case. *See* Tex.Code Crim. Proc. art. 42.03 (requiring that the trial court pronounce the sentence in the presence of the defendant). Given the importance of this jurisdictional issue and the dispositive effect on this appeal, we preface our analysis with a discussion of the legislative and judicial history of sentencing requirements.

### A. Sentencing Prior to 1981

■ A criminal sentence is a prerequisite to appellate jurisdiction. *Casias v. State,* 503 S.W.2d 262, 265 (Tex.Crim.App. 1973). For an appellate court to have jurisdiction over a criminal appeal, the defendant must be sentenced as defined under the Code of Criminal Procedure. Prior to 1981, statute defined a sentence as "the order of the court, made in the presence of the defendant and entered of record, pronouncing the judgment and ordering the same to be carried into execution in the manner prescribed by law." *Garbs v. State,* 155 Tex.Crim. 290, 291, 234 S.W.2d 869, 870 (1950). Thus, a sentence was comprised of two parts: (1) the oral

pronouncement of the judgment in the presence of the defendant and (2) the court's written judgment and order for the judgment to be carried into execution. *See id.* Prior to 1981, appellate courts dismissed a criminal appeal for want of jurisdiction if oral pronouncement of the sentence was not made in the presence of the defendant. *See Casias,* 503 S.W.2d at 264–65 (holding that if the record does not reflect that the sentence was pronounced in the defendant's presence, there is no sentence, and the court is without jurisdiction to entertain an appeal); *Small v. State,* 38 S.W. 798, 799 (Tex.Crim.App. 1897) (reasoning that no sentence can be passed in the absence of the defendant because the statutory definition of sentence requires that the defendant be present when the sentence is pronounced).

### B. 1981 Amendments Redefining "Sentence"

In 1981, the Legislature redefined sentence as "the part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law." *See* Tex. Code Crim. Proc. art. 42.02. Because the amendment deleted the element of "oral pronouncement in the defendant's presence," a sentence, arguably, could be imposed in a defendant's absence. Once "pronouncement in the presence of the defendant" was omitted as part of the statutory definition of sentence, the procedural requirement was moved to the newly amended article 42.03. That article provides that "except as provided by [a]rticle 42.14, sentence shall be pronounced in the defendant's presence."[2] *Id.* art. 42.03.

---

1. Although appellant turned himself in the day after the punishment hearing, the trial court did not, thereafter, pronounce the sentence in his presence.

2. Section 42.14 provides that oral pronouncement is not required where a defendant is charged with a fine-only misdemeanor and, therefore, is not applicable to this appeal. *See* Tex.Code Crim. Proc. art. 42.14.

The 1981 amendments posit a novel query to this Court: considering that pronouncement is no longer an element of a sentence under article 42.02, but required under article 42.03, is oral pronouncement in the defendant's presence now non-jurisdictional error, or is it still a jurisdictional requirement?

## C. Article 42.03: Non–Jurisdictional Error or Jurisdictional Requirement?

█ Two conflicting lines of authorities from the intermediate courts have opined on the issue before us. One would require us to invoke our jurisdiction and reverse and remand, while in the other, jurisdiction fails. The first noted line of cases holds that because the appellate timetables commence when the sentence is imposed as articulated under article 42.02, article 42.03 is not a jurisdictional requirement, but merely reversible error. *See Williams v. State*, No. 14–95–00317–CR, 1996 WL 223597, at *1 (Tex.App.-Houston [14th Dist.] May 2, 1996, pet. ref'd) (per curiam) (not designated for publication); *Pruitt v. State*, 737 S.W.2d 622, 623 (Tex.App.-Fort Worth 1987, pet. ref'd). The second line of cases concludes the opposite: because the appellate timetables commence when 42.03 has been fulfilled, compliance with article 42.03 is a jurisdictional requirement. *See In re Risley*, 190 S.W.3d 853, 855–56 (Tex. App.-Fort Worth 2006, no pet.); *Thompson v. State*, 85 S.W.3d 415, 417 (Tex.App.-Fort Worth 2002), *aff'd*, 108 S.W.3d 287 (Tex.Crim.App.2003); *Williams v. State*, No. 05–05–00182–CR, 2005 WL 2841259, at *3 (Tex.App.-Dallas Oct.31, 2005, no pet.) (not designated for publication).

We adopt the jurisdictional argument enunciated by the Court of Criminal Appeals in *Thompson v. State*. 108 S.W.3d 287. The defendant in *Thompson* was convicted of two offenses by a jury, sexual assault and indecency with a child. The trial court pronounced punishment in the defendant's presence on the sexual assault count, but did not pronounce the sentence on the indecency count. *Thompson*, 85 S.W.3d at 416. The Fort Worth Court of Appeals concluded that because no sentence was pronounced in the defendant's presence on the indecency charge, it lacked jurisdiction with respect to that portion of the appeal.[3] *Id.* at 417. On

---

**3.** The court of appeals concluded that article 42.03 commences the appellate timetables despite having held the opposite in a previous opinion. *See Pruitt*, 737 S.W.2d at 623. *Pruitt*, a pre-submission opinion on a motion to abate, involved an appellant who did not appear at his punishment hearing after being convicted of felony aggravated robbery. *Id.* at 622. In his absence, the trial court pronounced the appellant's sentence. *Id.* The Fort Worth Court of Appeals acknowledged that the trial court violated article 42.03, and determined that article 42.03 was a procedural mandate. *Id.* at 622–23. The court further concluded that the appellate timetables commenced after sentencing, which did not encompass pronouncement in the appellant's presence. *Id.* at 623. The court invoked its appellate jurisdiction, found that the trial court's violation of article 42.03 was a non-jurisdictional error, and remanded the case for oral pronouncement in the appellant's presence. *Id.* The effect of *Pruitt* was to con-

strue a violation of article 42.03 as a non-jurisdictional error, warranting reversal and remand for oral pronouncement. *See id.* The court in *Thompson* did not follow its prior holding in *Pruitt*.

Our court expressly followed *Pruitt* in *Williams v. State*, observing that the appellate court invokes jurisdiction over an article 42.03 violation and remands for oral pronouncement in the defendant's presence. *See Williams*, 1996 WL 223597, at *1.

The legal basis on which the court of appeals rests its holding in *Thompson* is found in cases decided prior to the 1981 legislative changes to articles 42.02 and 42.03. The court of appeals did not discuss *Pruitt* or *Williams*, the tension between these cases and its holding in *Thompson*, or the impact, if any, that the 1981 legislative changes to articles 42.02 and 42.03 had on appellate jurisdiction where the trial court failed to pronounce the sentence in the defendant's presence.

petition for review, the Court of Criminal Appeals affirmed the court of appeals, concluding that the intermediate court "correctly dismissed the appeal over the [indecency] count for want of jurisdiction." *Thompson,* 108 S.W.3d at 293. Following the Court of Criminal Appeals decision in *Thompson,* we conclude that we lack jurisdiction over appellant's appeal based on the trial court's failure to pronounce the sentence in appellant's presence.

■ We now must address disposition. The State suggests that the proper remedy is dismissal. However, the rules of appellate procedure prohibit our dismissing an appeal if the trial court's erroneous action or failure to act prevents the proper presentation of the case, and the trial court can correct its action or failure to act. *See* Tex.R.App. P. 44.4. Specifically, rule 44.4 provides:

(a) *Generally.* A court of appeals must not affirm or reverse a judgment or dismiss the appeal if:

(1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and

(2) the trial court can correct its action or failure to act.

(b) *Court of Appeals Direction if Error Remediable.* If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

*Id.*

The Court of Criminal Appeals noted in *Thompson* that "we need not address the question of whether there is only *one* proper remedy for this situation; it is enough to determine whether the court of appeals chose *a* proper remedy."[4] 108 S.W.3d at 290–91 (emphasis added). A

proper and more efficient remedy in this case is abatement. *See Wagstaff v. State,* No. 09–06–00162CR, 2007 WL 2323945, at *3 (Tex.App.-Beaumont Aug.15, 2007, no pet.) (mem. op., not designated for publication) (concluding that abatement, not dismissal, was proper remedy under rule 44.4 where the appellate court lacked jurisdiction due to the trial court's failure to pronounce the sentence in the presence of the defendant); *Wilson v. State,* 264 S.W.3d 104, 108–09 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (concluding that although the court of appeals lacked jurisdiction due to the trial court's failure to certify the defendant's right to appeal, abatement, not dismissal, was the proper remedy under rule 44.4). We decline the State's invitation to dismiss the appeal in light of these cases and appellate rule 44.4, and instead abate and remand for a new sentencing hearing.

### III. CONCLUSION

By this order, this appeal is abated and the cause remanded to the trial court. Upon remand, the trial court shall cause notice of a hearing to be given and, thereafter, pronounce the sentence in appellant's presence. **The sentencing hearing is to be conducted within 30 days of this order. A court reporter's record of the sentencing shall be prepared and filed in the record of this appeal, together with a supplemental clerk's record containing the trial court's judgment. These records are due within 45 days of the date of this order.**

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated when the supplemental record is filed with this Court. The Court will consider an appropriate motion to reinstate the appeal filed by either party, or the Court

---

4. It appears that neither party sought a reme-  dy other than dismissal in *Thompson.*

may reinstate the appeal on its own motion. Upon reinstatement, this Court will consider the merits of the remaining issues raised in appellant's brief.

It is so ORDERED.