In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00091-CR

                                                ______________________________

 

 

                                       PAUL KEVIN KEYS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                                  On Appeal from the County Court

                                                           Franklin County, Texas

                                                            Trial
Court No. 11438

 

                                                                        
                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

 








                                                                     O R D E R 

 

            After
finding Paul Kevin Keys guilty of driving while intoxicated (DWI),[1]
a Franklin County jury assessed Keys’ punishment as a fine in the amount of $2,000.00
“and/or” confinement for a period of 183 days. 
The trial court entered judgment sentencing Keys to 183 days in the
county jail in addition to a fine in the amount of $2,000.00, but, according to
the record, never actually orally pronounced the sentence in Keys’ presence.[2]  On appeal, Keys claims first that the trial
court committed fundamental error in failing to impose the sentence in open
court.  He also claims that the trial
court committed fundamental error in assessing a fine in addition to confinement
and that the evidence is not sufficient to prove the offense occurred in
Franklin County.

            Because the trial court failed to impose sentence orally
in Keys’ presence, this Court does not now have jurisdiction to hear this
appeal.  Accordingly, we abate this cause
to the trial court for a sentencing hearing.

            Courts are
required to pronounce sentence orally in the defendant’s presence.  Tex.
Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon Supp. 2010);[3]
Taylor v. State, 131 S.W.3d 497, 500
(Tex. Crim. App. 2004); Ex parte Madding,
70 S.W.3d 131, 135 (Tex. Crim. App. 2002).  The judgment, including the sentence assessed,
is merely a written manifestation of that oral pronouncement.  Tex.
Code Crim. Proc. Ann. art. 42.01, § 1 (Vernon Supp. 2010); Taylor, 131 S.W.3d at 500; Madding, 70 S.W.3d at 135.  As explained by the Texas Court of Criminal
Appeals in Madding, oral
pronouncement of the sentence in the presence of the defendant is necessary
because “the imposition of sentence is the crucial moment when all of the
parties are physically present at the sentencing hearing and able to hear and
respond to the imposition of sentence.”  Madding, 70 S.W.3d at 135.  Therefore, “it is the pronouncement of
sentence that is the appealable event, and the written sentence or order simply
memorializes it and should comport therewith.” 
Id. (quoting Coffey v. State, 979 S.W.2d 326, 328
(Tex. Crim. App. 1998)).

            Because the
trial court failed to orally pronounce Keys’ guilt and punishment in his
presence, Keys claims his conviction should be reversed, or if the error is
jurisdictional, the matter should be abated to the trial court for a new
sentencing hearing.  The State contends
Article 42.03 was satisfied because sentence was imposed in Keys’
presence.  In support of this contention,
the State points to the fact that in 1981, the Legislature “deleted the element
of ‘oral pronouncement in the defendant’s presence,’’’ as acknowledged by our
sister court in Meachum v. State, 273
S.W.3d 803, 804 (Tex. App.—Houston [14th Dist.] 2008, no pet.).[4]
The procedural requirement of pronouncement of sentence was, at the time of the
1981 amendment of the definition of “sentence,” moved to Article 42.03, which
provides that sentence “shall be pronounced in the defendant’s presence.”  Tex.
Code Crim. Proc. Ann. art. 42.03.

            To show that
sentence was pronounced in Keys’ presence, the State points to the judgment of
conviction by jury, the second page of which is signed by Keys.  Keys’ signature on the judgment appears below
the section entitled “Execution/Suspension of Sentence (select one).”  The box that is checked is followed by the
statement that:  “The Court ORDERS
Defendant’s sentence Executed.”  The
judgment lists the date of imposition of sentence as April 28, 2010. 

            The
State concedes that there is no indication in the record that sentence was
orally pronounced in Keys’ presence, but nevertheless maintains compliance with
the statutory requirement as tantamount to an oral pronouncement.  The State further seems to imply that, after
the 1981 amendment, oral pronouncement of a sentence is not required; rather,
it is sufficient if sentence is acknowledged in writing by the defendant, as
witnessed by his or her signature.  We
disagree.  

            The Texas
Court of Criminal Appeals has unequivocally continued to require oral
pronouncement of a defendant’s sentence in his or her presence.  See
Taylor, 131 S.W.3d at 500; Madding,
70 S.W.3d at 135; Coffey, 979 S.W.2d
at 328 (when oral pronouncement of sentence and written judgment vary, oral
pronouncement controls).  Meachum did not hold to the
contrary.  The issue facing the Meachum court was whether the oral
pronouncement in the defendant’s presence remains a jurisdictional requirement,
or whether failure to orally pronounce sentence in the defendant’s presence is
now nonjurisdictional error.  Meachum, 273 S.W.3d 803.  Indeed, that is the issue now before us.  The record here clearly fails to reflect the trial
court’s oral pronouncement of Keys’ sentence in his presence.  

            In analyzing
this issue, Meachum recognized that before
1981, appellate courts dismissed a criminal appeal for want of jurisdiction
when sentence was not orally pronounced in the defendant’s presence.  Id.
at 804; see Casias v. State, 503
S.W.2d 262, 264–65 (Tex. Crim. App. 1973) (when record does not reflect that
sentence was pronounced in defendant’s presence, there is no sentence, and
court is without jurisdiction to entertain appeal).  The court then considered whether, since
pronouncement is no longer an element of a sentence—but is nevertheless
required under Article 42.03—the failure to orally pronounce sentence in the
defendant’s presence is nonjurisdictional error.  

            In
determining whether compliance with Article 42.03 is a jurisdictional
requirement, the Meachum court relied
on Thompson v. State, 108 S.W.3d 287
(Tex. Crim. App. 2003).  In Thompson, the intermediate court
dismissed a portion of the appeal for lack of jurisdiction, because sentence
was not orally pronounced in the defendant’s presence on the charge of
indecency.  Thompson v. State, 85 S.W.3d 415, 417 (Tex. App.—Fort Worth 2002), aff’d, 108 S.W.3d 287 (Tex. Crim. App.
2003).  The Texas Court of Criminal
Appeals affirmed that decision, stating that the intermediate court “correctly
dismissed the appeal over the [indecency] count for want of jurisdiction.”  Thompson,
108 S.W.3d at 293.  The case at bar is no
different—the trial court failed entirely to pronounce punishment on the
charged offense and the enhancement. 
Therefore, this Court is without jurisdiction to hear Keys’ appeal from
his conviction.

            We
decline, however, to dismiss Keys’ appeal. 
Rather, we choose to adopt the course of disposition of our sister court
in Meachum, and abate this matter to
the trial court to orally pronounce sentence in Keys’ presence.  In reliance on Rule 44.4 of the Texas Rules
of Appellate Procedure, Meachum found
that “a proper and more efficient remedy” is abatement.  Meachum, 273 S.W.3d at 806.[5]  We agree. 
Rule 44.4 directs us, in this circumstance in which the error can be
corrected by the trial court, not to dismiss, but first to direct that the
trial court take the corrective action and then, once the error has been
corrected, to address the other issues on appeal.  See
Tex. R. App. P. 44.4.

            We,
therefore, by this order, abate this appeal and remand the cause to the trial
court.  On remand, the trial court shall
give notice of a hearing to be held and, thereafter, pronounce the sentence in
Keys’ presence.  The sentencing hearing
is to be conducted within thirty days of this order.  A supplemental court reporter’s record of the
sentencing shall be prepared and filed in the record of this appeal, together
with a supplemental clerk’s record containing the trial court’s judgment.  These records are due within forty-five days
of the date of this order.

            This appeal
will be reinstated when the supplemental records are filed with this
Court.  On reinstatement, this Court will
consider the merits of the remaining issues raised in Keys’ brief.

            IT IS SO ORDERED.

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date:   April 12, 2011

                        

Publish

 

 

 











[1]Tex. Penal Code Ann. § 49.09 (Vernon
Supp. 2010).  Keys was charged with a
class A misdemeanor due to a prior DWI conviction.  

 





[2]At
the conclusion of the punishment hearing, the trial court read the jury’s
punishment verdict in open court, but did not, however, orally pronounce Keys
guilty of the primary DWI offense or the enhancement of that offense.  After the trial court received the verdict,
and after confirming that it was unanimous, the trial court stated:

 

Cause No. 11438,
The State of Texas versus Paul Kevin Keys. 
Punishment Verdict.  “We the Jury,
having found the Defendant, Paul Kevin Keys, guilty of the offense of a Class A
misdemeanor, offense of driving while intoxicated second, assesses the
punishment of the Defendant as follows: 
We set the fine at two thousand dollars. 
We set the confinement, one hundred eighty-three days.”

 

Thank you.  And I will [sic] you some further
instructions here.  Ladies and Gentlemen
of the Jury, your duty as Jurors is complete. . . .

 

We’re off the
record.

 

 





[3]Article
42.03, Section 1(a) provides that the sentence shall be pronounced in the
defendant’s presence, except as provided in Article 42.14, which allows such to
be done in the absence of the defendant in a misdemeanor case.  Tex.
Code Crim. Proc. Ann. art. 42.03 (Vernon Supp. 2010).  Even though this is a misdemeanor case,
Article 33.03 requires a defendant to be present in a misdemeanor case in which
the potential range of punishment includes a jail sentence.  Tex. Code
Crim. Proc. Ann. art. 33.03 (Vernon 2006).





[4]In
1981, the Texas Legislature redefined “sentence” as “that part of the judgment,
or order revoking a suspension of the imposition of a sentence, that orders
that the punishment be carried into execution in the manner prescribed by
law.”  Tex.
Code Crim. Proc. Ann. art. 42.02 (Vernon 2006).





[5]In
deciding to abate the appeal, Meachum
further relied on the statement by the Texas Court of Criminal Appeals that “we
need not address the question of whether there is only one proper remedy for
this situation; it is enough to determine whether the court of appeals chose a
proper remedy.”  Thompson, 108 S.W.3d at 290–91.