ACCEPTED
04-14-00887-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/31/2015 2:14:52 PM
KEITH HOTTLE
CLERK

### NO.   04-14-00887-CR

| | | |
|---|---|---|
| RICKY ALLENWENTZEL CALBAT | § | IN THE FOURTH COURT |
| | § | |
| VS. | § | OF APPEALS |
| | § | |
| STATE OF TEXAS | § | SAN ANTONIO, TEXAS |

### APPELLANT'S RESPONSE TO THE STATE'S MOTION TO ABATE

**TO THE HONORABLE JUSTICES OF SAID COURT:**

Now comes Ricky Allenwentzel Calbat, Appellant in the above styled and numbered cause, and files this Response to the State's Motion to Abate, and in support thereof shows the following:

### *Background*

1.      On July 17, 2015, the Court ordered Appellant to file a response to the State's Motion to Abate by July 31, 2015, stating whether or not one of the exceptions listed in Article 42.14 of the Code of Criminal Procedure applies which would excuse the trial court's pronouncement of sentence in Appellant's absence.   The Court also ordered that if Appellant believes that none of the exceptions apply, then Appellant shall provide briefing on the issue of whether the appeal should be abated or dismissed for want of jurisdiction.

### *Pronouncement of sentence in the defendant's presence is a prerequisite to appellate jurisdiction*

2.      A "sentence" is defined as "that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law." *Tex. Code Crim. Proc. art. 42.02*. Article 42.03 of the Code of Criminal Procedure requires that sentence be pronounced

1

in the defendant's presence except as provided by Article 42.14 of the Code of Criminal Procedure. *Tex. Code Crim. Proc. art. 42.03(1)(a)*.

3. A criminal sentence is a prerequisite to appellate jurisdiction. *Meachum v. State*, 273 S.W.3d 803, 805 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The Court of Criminal Appeals has held that failure to pronounce sentence in a defendant's presence is a jurisdictional defect on appeal. *Thompson v. State*, 108 S.W.3d 287, 293 (Tex. Crim. App. 2003).

### None of the exceptions listed in Article 42.14 apply in Appellant's case

4. Section 42.14 of the Code of Criminal Procedure contains exceptions to the general rule that a trial court must pronounce sentence in the defendant's presence. *Tex. Code Crim. Proc. art. 42.14(a)&(b)*. These exceptions can be divided into two general categories: 1. misdemeanor cases; and, 2. felony cases where the defendant is confined in a penal institution coupled with other specific conditions that must be met. *Tex. Code Crim. Proc. art. 42.14(a)&(b)*. None of the exceptions in Article 42.14 apply to Appellant's case. The trial court was required to pronounce sentence in Appellant's presence. Therefore, the question becomes whether the appeal should be abated to correct the jurisdictional defect or whether the appeal should be dismissed for want of jurisdiction.

### Pursuant to Rule 44.4 of the Rules of Appellate Procedure, the appropriate remedy is to abate the appeal for the trial court to properly pronounce sentence in Appellant's presence

5. Appellant submits that the opinion in *Meachum v. State* issued by the Fourteenth Court of Appeals provides guidance in Appellant's case. *Meachum v. State*, 273 S.W.3d 803 (Tex. App.—Houston [14th Dist.] 2008, no pet.). In the

*Meachum* case, the defendant entered a plea bargain with the State after he was charged with the felony offense of aggregate theft. *Meachum*, 273 S.W.3d at 803. The defendant failed to appear for his punishment hearing and the defendant was sentenced in absentia. *Id*. The State challenged the appellate court's jurisdiction based upon the trial court's failure to properly sentence the defendant and suggested that the proper remedy was dismissal of the appeal. *Id* at 803; *Id*. at 806. The *Meachum* court, after analyzing the applicable case law and statutory authority, held that the proper, and more efficient, remedy was to abate the appeal. *Id*. at 806. The *Meachum* court noted that Rule 44.4 of the Rules of Appellate Procedure prohibits an appellate court from dismissing an appeal if the trial court's erroneous action or failure to act prevents the proper presentation of the case, and the trial court can correct its action or failure to act. *Id*. at 806; *Tex. R. App. Proc. 44.4*.

6.     The *Meachum* court reconciled its decision with the Court of Criminal Appeals' *Thompson* opinion (which upheld the dismissal of an appeal for want of jurisdiction) by pointing out that the Court of Criminal Appeals noted that "we need not address the question of whether there is only **one** proper remedy for this situation; it is enough to determine that the court of appeals chose **a** proper remedy." *Meachum*, 273 S.W.3d at 806 (emphasis in original). In addition, the *Meachum* court also cited multiple intermediate court opinions holding that abatement, not dismissal, is the proper remedy under TRAP 44.4 where an appellate court lacked jurisdiction due to the trial court's failure to pronounce the sentence in the defendant's presence. *Id*. 806.

### *Conclusion*

7.     The appropriate remedy for the trial court's failure to pronounce sentence

3

in Appellant's presence is to abate this appeal and remand the cause to the trial court for proper sentencing.

**WHEREFORE, PREMISES CONSIDERED**, Appellant prays that this Court abate this appeal and remand the cause to the trial court for proper sentencing in accordance with Article 42.03 of the Code of Criminal Procedure, and for such other and further relief as the Court may deem appropriate.

Respectfully submitted,

M. Patrick Maguire, P.C.
Attorney and Counselor
945 Barnett Street
Kerrville, TX 78028
Tel: (830) 895-2590
Fax: (830) 895-2592

By: /s/  M. Patrick Maguire
     M. Patrick Maguire
     State Bar No. 24002515
     Attorney for Ricky Allenwentzel Calbat

## CERTIFICATE OF SERVICE

This is to certify that on July 31, 2015, a true and correct copy of the Appellant's Response to the State's Motion to Abate was served on the attorney for the State, Hon. Scott Monroe, 402 Clearwater Paseo, Kerrville, Texas 78028, by facsimile transmission to (830) 315-2461

 /s/  M. Patrick Maguire
M. Patrick Maguire

4