**Order entered April 9, 2021**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-19-01143-CR**

**APRIL MICHELLE FLOYD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Rockwall County, Texas**
**Trial Court Cause No. CR18-0971**

**ORDER**
Before Chief Justice Burns and Justices Myers and Nowell

Before the Court is appellant's March 22, 2021 motion to abate the appeal for a punishment hearing. A review of the record shows that appellant was charged with driving while intoxicated. On August 16, 2019, following a trial before the court, the trial court found appellant guilty and assessed punishment at "21 months community supervision" and a $500 fine. The written judgment, however, states the trial court assessed punishment at sixty days in the Rockwall County Jail and a

fine of $500, probated for twenty-one months. Thus, the written judgment does not reflect the sentence that was pronounced in open court.

When a variation exists between the oral pronouncement of the sentence and the written memorialization of the sentence, the oral pronouncement controls. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998); *see also McCoy v. State*, 81 S.W.3d 917, 919 (Tex. App.—Dallas 2002, pet. ref'd). This Court may modify the trial court's judgment to make the record speak the truth if it has the necessary data and information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

In this case, however, the oral pronouncement does not include a proper sentence; it only includes community supervision which is a "suspension of the sentence." *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). For this reason, we cannot reform the judgment. And following the Court of Criminal Appeals decision in *Thompson*, we conclude that we lack jurisdiction over appellant's appeal based on the trial court's failure to pronounce a sentence in appellant's presence. *Thompson*, 108 S.W.3d at 292. Nevertheless, appellant asks the Court to abate the appeal and order the trial court to properly sentence appellant. The State has not responded to appellant's motion.

The rules of appellate procedure prohibit dismissing an appeal if the trial court's erroneous action or failure to act prevents the proper presentation of the case, and the trial court can correct its action or failure to act. *See* TEX. R. APP. P. 44.4. When faced with a similar situation, our sister court abated for the trial court to remedy the situation. *See Meachum v. State*, 273 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (concluding that although court of appeals lacked jurisdiction due to trial court's failure to sentence defendant in open court, abatement and not dismissal, was proper remedy under appellate rule 44.4); *see also Thompson*, 108 S.W.3d at 290–91 ("[W]e need not address the question of whether there is only one proper remedy for this situation; it is enough to determine whether the court of appeals chose a proper remedy."). And we have previously abated for the trial court to sentence a defendant in open court. *See Salinas v. State*, 05-13-01665-CR, 2015 WL 4600734, at *5 (Tex. App.—Dallas 2015, no pet.) (mem. op., not designated for publication) (appeals abated and remanded for trial court to sentence appellant in his presence) and *Munoz v. State*, 05-13-00914-CR, 2014 WL 7399331, at *2–3 (Tex. App.—Dallas 2014, no pet.) (not designated for publication) (abating cases when trial court did not orally pronounce sentence in either case). After considering these cases and the posture of this appeal, we conclude that the proper and more efficient remedy in this case is abatement. See TEX. R. APP. P. 44.4(b).

We **ORDER** the trial court to cause notice of a hearing to be given and, thereafter, pronounce sentence in appellant's presence within **THIRTY DAYS** of the date of this order. We **ORDER** the reporter's record of the sentencing and supplemental clerk's record containing the trial court's judgment be prepared and filed with this Court within **FORTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order to the Honorable Brian Williams, Presiding Judge, County Court at Law No. 1; Debbie Hamon, official court reporter, County Court at Law No. 1; Jennifer Fogg, Rockwall County Clerk; and counsel for all parties.

We **DEFER** ruling on appellant's motion for an extension of time to file her brief until the supplemental records are filed.

We **ABATE** this appeal for the trial court to comply with this Court's order. The appeal shall be reinstated when the supplemental records are filed or the Court determines it is appropriate to do so.

/s/    ROBERT D. BURNS, III
CHIEF JUSTICE