**Affirmed and Majority and Dissenting Opinions filed May 30, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00383-CR

---

**PATRICIA LYNN SWARTZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 20-CR-2075**

---

## DISSENTING OPINION

On the record before us, after appellant was found guilty and punishment assessed, the trial court did not pronounce appellant's sentence. The court of criminal appeals held in 2003 that a trial court's failure to orally pronounce sentence means there is no judgment and no "conviction" that can be appealed. *Thompson v. State,* 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).[1] This court later

---

[1] If the *Marin* classification applies to subject-matter jurisdiction, then it presumably is category one. *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) ("Thus, our

followed—as we must—the *Thompson* precedent concluding that we lacked subject-matter jurisdiction over a defendant's attempted appeal based on the trial court's failure to pronounce the sentence in the defendant's presence. *Meachum v. State*, 273 S.W.3d 803, 805–06 (Tex. App.—Houston [14th Dist.] 2008, order).[2]

The panel in this appeal recently followed *Meacham* and by extension *Thompson*, abating three related criminal appeals for the defendant to be sentenced in open court. *Arreaga v. State*, Nos. 14-22-00281-CR, 14-22-00282-CR & 14-22-00283-CR, 2024 WL 1925495, at *1, n.2 (Tex. App.—Houston [14th Dist.] May 2, 2024, no pet. h.) (mem. op., not designated for publication). A month later a majority of the same panel acknowledges "the present record can be construed as ambiguous," relies on nonprecedential opinions from the Amarillo and Waco Courts of Appeals, ignores both the precedent of *Thompson* and *Meachum*, and seemingly concludes the trial court's failure to expressly sentence appellant is waivable.

Lack of subject-matter jurisdiction to decide this appeal on the merits is a problem. Code of Criminal Procedural article 42.03, section 1(a) means what it literally says, "sentence *shall* be pronounced in the defendant's presence." Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (emphasis added)[3]; *see Boykin v. State*,

---

system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request."); *Proenza v. State*, 541 S.W.3d 786, 795 (Tex. Crim. App. 2017) (fundamental errors in criminal appeals are simply category-one and -two *Marin* errors).

[2] *See also* 43B George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* § 56:32 (3d ed. 2011 & Supp. 2023) (discussing need for record to reflect imposition of sentence as well as statutory history); *Id.* § 56:34 (requirement of proper "sentence").

[3] The current version of Code of Criminal Procedural article 42.03, section 1(a) is from 1981. Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 113, 1981 Tex. Gen. Stat. 761, 809. Accordingly, the Code Construction Act's definition of "shall" applies. Code Construction Act,

818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (discussing statutory construction). I would not rewrite that statute to have the written judgment control over the pronouncement.[4] In any event, we have no choice but to follow precedent.

The majority further does not discuss where the burden lies to comply with Code of Criminal Procedural article 42.03, section 1(a). It doesn't appear to be defendant's burden to object to the absence of proper sentencing; presumably, the defendant does not seek to be sentenced. The burden is either on the State or the trial court.[5] Lastly, the majority does not discuss the public's constitutional right to open courts and how that applies to sentencing. Tex. Const. art. I, § 13 (official) ("All courts shall be open . . . .").

I have every confidence that trial courts can swiftly correct this lack of

---

Tex. Gov't Code Ann. §§ 311.002 (Code Construction Act applies to "each amendment, repeal, revision, and reenactment of a code or code provision by the 60th or a subsequent legislature[.]"), 311.016 ("'Shall' imposes a duty."). While the legislature wrote "sentence shall be pronounced in the defendant's presence" in the passive voice, *the trial court* unmistakably has a duty to pronounce sentence in the defendant's presence.

[4] This is not a civil appeal in which the signing of the written judgment determines the beginning of the period of the trial court's plenary power and the time to file a notice of appeal. Tex. R. Civ. P. 306a(1); Tex. R. App. P. 26.1. This is a criminal appeal in which the time to file a notice of appeal generally must be filed "within 30 days after the day sentence is imposed . . . in open court." Tex. R. App. P. 26.2(a) (Rule 26.2(a) does not explicitly specify "in the defendant's presence").

The majority also relies on the recitations in the judgment to create a binding presumption of regularity, e.g., to fill the void left by the trial court's failure to pronounce sentence in the defendant's presence. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g). The problem with using the presumption of regularity is that gap-filler doctrine only applies when there is an absence of direct proof of falsity. *Id.* If you read the reporter's record in this case, then it's clear the trial court never pronounced the sentence.

[5] While it may not be the State's burden to object to the failure to impose sentence in open court, it certainly is in the State's interest to do so. I strongly encourage the State to not idly sit by in the future when this happens.

3

proper sentencing after trial.[6] I also have every confidence that trial courts will pay attention and properly sentence defendants in the first place if appellate courts routinely require compliance with the plain meaning of Code of Criminal Procedural article 42.03, section 1(a). And it would have been a simple matter for the trial court to properly sentence appellant, but the reporter's record makes it clear that the trial court did not. However, if appellate courts signal to trial courts that a lack of proper sentencing is something we will ignore, then there is no external incentive for trial courts to follow the law.[7]

Because we have no subject-matter jurisdiction, I dissent.

/s/      Charles A. Spain
          Justice

Panel consists of Justices Jewell, Spain, and Wilson. (Jewell, J., majority).

Publish—Tex. R. App. P. 47.2(b).

---

[6] I express no opinion about our subject-matter jurisdiction in appeals from criminal proceedings in which there is neither a jury or bench trial and there is no reporter's record of the imposition of sentence in the defendant's presence.

[7] As an intermediate appellate court with both criminal and civil appeals, we spend more time examining civil appeals for subject-matter jurisdiction than we spend on criminal appeals. That must change.