**Affirmed and Memorandum Majority and Dissenting Opinions filed June 6, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00919-CR

---

### CHARLES HENRY BOOKER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1544381**

---

### MEMORANDUM  DISSENTING OPINION

The June 2, 2022 reporter's record recites the following:

At this time, having no reason that the Court finds that the Court should not sentence the defendant, even though he has decided on his own, voluntarily, to not be present -- that in and of itself is direct correlation to the Court of his disrespect to the proceeding and not being present, and still being out on the lam.

So having -- Mr. Charles Booker having nothing to say, it is the order of the Court that Mr. Charles Booker, who has been adjudged to

be guilty of the offense of burglary of a habitation felony in Cause No. 1544381, found to be guilty by the jurors, the Court sentences Mr. Booker to 35 years.

He is remanded to the custody of the sheriff of Harris County, Texas, until he or she can obey and carry out the direction and instructions of the sentencing. And the sentence will commence the day that he is captured and taken into custody. Thank you-all.

The clerk's record contains the trial court's judgment signed June 2, 2022, with the *absent* appellant's thumbprint affixed to it. An *unsigned* judgment addendum is also in the clerk's record:

On this date, 12/14/2022, the Court assessed punishment at: 35 YEARS INSTITUTIONAL DIVISION, TDCJ with a FINE: of $ N/A.

The new sentence to begin is 12/14/2022.

Defendant is to receive jail credit as follows: 700 total number of days.

There was neither a reporter's record of the subsequent December 14, 2022 sentencing, nor a record that the court reporter was properly excused by agreement of the parties from attending and making a full record of that proceeding. Tex. R. App. P. 13.1.

Being charitable, what the trial court did was at best a mess. I would order a new sentencing proceeding before considering the merits of the appeal. *See generally Meachum v. State*, 273 S.W.3d 803, 805–06 (Tex. App.—Houston [14th Dist.] 2008, order) ("Following the Court of Criminal Appeals decision in *Thompson* [108 S.W.3d 287 (Tex. Crim. App. 2003)], we conclude that we lack jurisdiction over appellant's appeal based on the trial court's failure to pronounce the sentence in appellant's presence.").

I dissent.

/s/ Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain (Zimmerer, J., majority).

Do Not Publish — TEX. R. APP. P. 47.2(b).