# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-25-00343-CR
NO. 03-25-00344-CR
NO. 03-25-00345-CR
NO. 03-25-00346-CR
NO. 03-25-00347-CR

**Mario Villarreal, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE 277TH DISTRICT COURT OF WILLIAMSON COUNTY
NOS. 24-1140-K277, 24-1139-K277, 20-1510-K277, 20-1507-K277, & 20-1509-K277
THE HONORABLE RICK J. KENNON, JUDGE PRESIDING**

## ORDER AND MEMORANDUM OPINION

**PER CURIAM**

Mario Villarreal was charged with five counts of possessing child pornography. *See* Tex. Penal Code § 43.26. At the conclusion of the guilt-innocence phase, the jury found him guilty in all five counts. During the punishment hearing, the jury assessed his punishment at six years' imprisonment in each count. *See id.* § 12.34. At the hearing, the trial court read the jury's verdicts and then excused the jury. The trial court then mentioned that the State had filed a motion to stack the sentences, and the State explained that it was asking for three charges to be stacked based upon the severity of the offenses. Villarreal objected to stacking any of the

sentences.  After the parties presented their arguments, the following exchange occurred after which the proceedings concluded:

> [Trial Court]: So what I'm going to do is I'm going to stack two of these.  I will stack 20-1507- and 20-1509-, and I will run the other three concurrent with the first one, 20-1507-.  And then if you could just prepare the judgments to reflect all that.
>
> . . .
>
> [Prosecutor #1]: Chase states, and it makes sense, that for the judgments that run concurrent, the fines will run concurrent.  For the judgments that run consecutively, the fine will be consecutive.  So then that effect would be a $10,000 between the two, and then the remainder would all be a concurrent running of the fines.
>
> [Trial Court]: Okay. I kind of assumed that's what it would be as well.  Okay.  Mr. Villarreal, do you understand what we're doing?
>
> [Defendant]: Yes.  Yes, Your Honor.
>
> [Trial Court]: Okay.  And you understand that you have a six-year sentence on 20-1507-.  When you complete that sentence, the sentence in 20-1509- will begin.
>
> [Defendant]: Yes, Your Honor.
>
> [Trial Court]: Okay. And then all the other three would run concurrent with the first one.
>
> [Defendant]: Yes, Your Honor.
>
> [Trial Court]: Okay.  Okay.  Anything else we need to do at this time?
>
> [Prosecutor #1]: No, Your Honor.  If I may have leave of the Court, I'm going to

go upstairs to provide this to our paralegal, and she'll begin working on the judgments.

[Trial Court]: Yeah. That's fine and just let me know. I'm going to talk to the jury if anybody is left. Do y'all want to talk to them?

[Prosecutor #2]: Yes, Judge.

[Trial Court]: Okay. I figured you would. Okay. So let me go get them.

Villarreal appealed his convictions. In the third issue in his brief, he argues that although the trial court read the verdict of the jury and ordered the stacking of one of his sentences, the trial court did not formally orally pronounce his sentences for the five counts. He also notes that the trial court did not ask him whether there was any reason why the sentences could not be pronounced against him as required under article 42.07 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 42.07 (requiring trial court to ask if defendant had anything to say about whether sentence could be pronounced against him and listing only three reasons for why sentence cannot be pronounced). For these reasons, he requests that the cases be abated and remanded to the trial court so the trial court may formally oral pronounce all of his sentences. In response, the State asserts that abatement is unnecessary because the sentences were communicated to him through the jury verdicts, because he did not object during the hearing, because the trial court discussed one of the six-year sentences and informed him how stacking would be applied, because he understood his sentences, and because there is no discrepancy between the written judgment and the discussion in the punishment hearing.

Under the circumstances present here, we believe that the safest course of action is to abate the cases and remand for formal pronouncement of Villarreal's sentences. *See*

*Suniga v. State*, No. 03-25-00081-CR, 2025 WL 2347190, at \*1, \*2 (Tex. App.—Austin Aug. 14, 2025, order) (mem. op., not designated for publication) (abating for pronouncement of sentence where trial court "read the jury's verdict" before releasing jury but did not "formally orally pronounce[] the sentence"). Although a jury assesses a defendant's sentence, the trial court imposes the sentence. *See* Tex. Code Crim. Proc. arts. 37.01 (explaining that verdict is written declaration by jury of its decision), 42.01, § 1 (stating that judgment is written declaration by trial court showing conviction or acquittal of defendant and that sentence will be based on information in judgment), .02 (noting that sentence is part of judgment ordering punishment to be carried into execution). Additionally, with certain statutory exceptions, courts must orally pronounce the sentence in the defendant's presence. *See id.* arts. 42.03, § 1(a), .14; *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); *see also* Tex. Code Crim. Proc. art. 37.04 (noting that jury verdict may be "read aloud by the judge, the foreman, or the clerk"); *Ette v. State*, 559 S.W.3d 511, 513 (Tex. Crim. App. 2018) (distinguishing between trial court's reading of jury's verdict and its later oral pronouncement of judgment). The judgment, including the sentence assessed, is merely a written manifestation of that oral pronouncement. *See* Tex. Code Crim. Proc. art. 42.01, § 1; *Taylor*, 131 S.W.3d at 500; *Madding*, 70 S.W.3d at 135.

"[I]t is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). If no sentence was ever rendered, there is no valid judgment. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *see also Ex parte Kopecky*, 821 S.W.2d 957, 960 (Tex. Crim. App. 1992) (noting that "[p]unishment and sentence are incorporated in the judgment" and that "'sentence is a necessary component of a

4

"judgment of conviction"'" (quoting *Ball v. United States*, 470 U.S. 856, 862 (1985))). Without a valid judgment, there is no "conviction" for a defendant to appeal. *See Thompson*, 108 S.W.3d at 290.

Here, because the trial court failed to fully orally pronounce Villarreal's sentences in his presence, no valid judgments yet exist, and accordingly, we lack jurisdiction over his appeals. *See Keys v. State*, 340 S.W.3d 526, 529 (Tex. App.—Texarkana 2011, no pet.) (concluding that trial court's failure to orally pronounce defendant's sentence deprived court of appeals of jurisdiction); *Meachum v. State*, 273 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (same); *see also State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996) (explaining that jurisdiction is threshold issue and may not be ignored), *overruled on other ground by State v. Medrano*, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002).

Although this Court lacks jurisdiction over the appeals, that does not require us to dismiss the appeals in these circumstances. The Rules of Appellate Procedure require that we not dismiss an appeal if the trial court's omission can be corrected. *See* Tex. R. App. P. 44.4. Here, the trial court's omission can be corrected by allowing the trial court to orally pronounce Villarreal's sentences with him present. Accordingly, we abate the appeals and remand the causes to the trial court for the trial court to orally pronounce the sentences in open court with Villarreal present. *See id.*; *see also Keys*, 340 S.W.3d at 529 (abating appeal and remanding cause to trial court to orally pronounce sentence assessed by jury in defendant's presence); *Meachum*, 273 S.W.3d at 806 (same).

On remand, the trial court is directed to cause notice of a hearing to be given and, thereafter, formally orally pronounce the sentences assessed in Villarreal's presence. Prior to pronouncing sentence, the trial court should inquire from Villarreal whether he has anything to

5

say concerning whether the sentences should be pronounced against him as directed by article 42.07 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 42.07. The new sentencing hearing is to be held within 30 days of the date of this memorandum opinion. Supplemental reporter's records of the hearing shall be prepared and filed in the appellate record in these cases along with supplemental clerk's records containing the trial court's new judgments of conviction. These supplemental records are to be filed in this Court within 45 days of the date of this memorandum opinion. The appeals will be reinstated when the supplemental records are filed.

It is ordered on May 6, 2026.


Before Chief Justice Byrne, Justices Theofanis and Crump

Abated and Remanded

Filed: May 6, 2026

Do Not Publish